IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SHAWN STANSBERRY, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-529 |
| § | |
| TRIPLE S MARINE CONSULTING, INC., § | |
| TRIPLE S MARINE, LLC, § | |
| TRIPLE S MARINE SALVAGE, INC., § | |
| and the M/V DIANNA MARIE, § | |
| § | |
| Defendants. § | |

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

This case arises out of personal injuries sustained by Shawn Stansberry ("Plaintiff") while aboard the M/V DIANNA MARIE ("DIANNA"), a vessel owned and operated by Defendant Triple S Marine, LLC ("TSM"). Now before the Court comes Defendant's Motion to Transfer Venue to the Western District of Louisiana. While this case presents a very close call, the Court finds that Defendant's Motion must be respectfully **DENIED**.[1]

**I. Background**

Plaintiff alleges that he was injured on or about August 29, 2005, while working aboard the DIANNA. Plaintiff was a crewmember of the DIANNA, which is owned and operated by TSM. At the time of the incident in question, TSM had been hired to babysit a drilling rig owned by Parker

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Drilling. The rig was not properly secured. Plaintiff claims that after the rig broke loose, the captain of the DIANNA attempted to ground the rig by ramming the DIANNA into the floating rig. Plaintiff alleges that he was injured during the attempted grounding of the rig.

## II. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

## III. Analysis

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

TSM argues that the availability and convenience of key witnesses would be increased by transfer to the Western District of Louisiana on two grounds. First, that Plaintiff's fellow crewmembers all reside in Louisiana. They will testify as to the facts surrounding the alleged accident. Second, additional witnesses who were on the dock where the rig was secured reside in Louisiana and are not under TSM's control. In Response, Plaintiff argues that his current treating physician and experts reside in the Southern District of Texas.

TSM acknowledges that it may compel its employees, Plaintiff's fellow crewmembers, to testify at trial. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). TSM has failed to identify specific witnesses who were employed by the owners of the dock where the rig was secured before it broke loose, thus the potential impact of their testimony cannot be properly evaluated. TSM therefore has not shown that the availability and convenience of witnesses will be increased or that their expense will be lessened if this case were transferred to the Western District of Louisiana. This factor does not support transfer.

B.  *Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). Furthermore, it is "rare that the forum in which the case is litigated is the most convenient or least costly for all the parties involved." *Id.* In this case, TSM has not shown that the expenses of trial here will likely be any greater than if this case were tried in Louisiana. This factor does not support transfer.

C. *Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Neither TSM nor Plaintiff has given the Court any indication that the records in question are so voluminous that either would incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not support transfer.

D. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference. Although Plaintiff lived in Morgan City, Louisiana, at the time of the events giving rise to his alleged injury, he is now a resident of this District. Therefore, this case has some connection to this forum, and so long as there is some type of connection to this forum, Plaintiff is entitled to deference in his choice of forum. This factor weighs against transfer.

E. *Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place in waters of the State of Louisiana. This factor supports transfer.

F. *Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This case is set for trial on May 15, 2006, a little over two months away. Given the relatively short time until trial, it is clear that Plaintiff would be significantly prejudiced by transfer at this stage in the proceedings. This factor supports retention.

## IV. Conclusion

The Court thanks both Parties for the excellent briefs that have been submitted. After careful examination of the relevant venue factors coupled with the specific facts of this lawsuit, the Court concludes that Defendant, while presenting a close question, has not carried its burden of demonstrating that transferring this case to the Western District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendant's Motion to Transfer Venue is respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 8th day of March, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge